The People of the State of New York, Respondent, 
against
Jairo Rosario, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Joanne D. Quinones, J.), rendered January 10, 2013, convicting him, upon a plea of guilty, of disorderly conduct, and imposing sentence.




Per Curiam.
Judgment of conviction (Joanne D. Quinones, J.), rendered January 10, 2013, affirmed.
Defendant's guilty plea was knowing, intelligent and voluntary (see People v Conceicao, 26 NY3d 375, 382 [2015]; People v Sougou, 26 NY3d 1052, 1054 [2015]). In full satisfaction of an accusatory instrument charging defendant with petit larceny, fifth degree criminal possession of stolen property, and possession of burglar's tools, defendant pleaded guilty to disorderly conduct, in return for a negotiated sentence of conditional discharge. In response to the court's questioning, defendant personally confirmed that he was pleading guilty of his own free will, and that he was, in fact, guilty, that he had enough time to speak to his attorney regarding the guilty plea, and that he understood that he was giving up the right to trial, the right to remain silent and the right to have the People prove the case against him beyond a reasonable doubt. A plea of guilty will not be invalidated "solely because the Trial Judge failed to specifically enumerate all the rights to which the defendant was entitled and to elicit from him or her a list of detailed waivers before accepting the guilty plea" (People v Tyrell, 22 NY3d 359, 365 [2013], quoting People v Harris, 61 NY2d 9, 16 [1983]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: March 16, 2016