■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GILBERT SUAREZ, Appellant. [17 NYS3d 862]—Judgment, Supreme Court, New York County (Michael R. Sonberg, J.), rendered October 9, 2012, as amended October 15, 2012, convicting defendant, upon his plea of guilty, of criminal sale of a controlled substance in the first degree and criminal possession of a controlled substance in the first and third degrees, and sentencing him to concurrent terms of eight years, unanimously affirmed.

Defendant's argument that his guilty plea was invalid because the court misstated one of his rights under *Boykin v Alabama* (395 US 238 [1969]) is unpreserved (*see e.g. People v Jackson*, 114 AD3d 807 [2d Dept 2014], *lv denied* 22 NY3d 1199 [2014]), and we decline to review it in the interest of justice. Unlike the situation in *People v Tyrell* (22 NY3d 359, 364 [2013]), defendant had the opportunity to raise the issue, and the deficiency was far short of a mode of proceedings error. As an alternative holding, we find that the record establishes the voluntariness of the plea (*see Tyrell*, 22 NY3d at 365; *see also People v Harris*, 61 NY2d 9, 16-19 [1983]). The plea court's slip of the tongue in rendering the right to confront witnesses as the essentially similar "right to be confronted by" witnesses could not have undermined the validity of the plea. Concur—Tom, J.P., Andrias, Moskowitz and Kapnick, JJ.