■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LANCE TERRELL, Appellant. [21 NYS3d 619]—Judgment, Supreme Court, Bronx County (Seth L. Marvin, J.), rendered March 25, 2013, convicting defendant, upon his plea of guilty, of attempted assault in the second degree, and sentencing him, as a second felony offender, to a term of 1½ to 3 years, unanimously affirmed.

Defendant's challenges to the factual basis for his plea and to the court's discussion of defendant's rights under *Boykin v Alabama* (395 US 238 [1969]) are unpreserved, and they do not come within the narrow exception to the preservation requirement (*see People v Conceicao*, 26 NY3d 375, 381-382 [2015]). We decline to review these claims in the interest of justice.

As an alternate holding, we find no basis for reversal. The plea was knowing, intelligent and voluntary. At the plea proceeding, defendant clarified that he was admitting to the

requisite element of intent, and his factual recitations did not cast significant doubt on his guilt (see *People v Toxey*, 86 NY2d 725 [1995]). We also find that the court sufficiently advised defendant of the rights he was giving up by pleading guilty, notwithstanding that it omitted the word "jury" from its reference to giving up the right to a trial (*see People v Tyrell*, 22 NY3d 359, 365 [2013]; *People v Harris*, 61 NY2d 9, 16-19 [1983]). Finally, the court had no obligation to make a sua sponte inquiry at sentencing when defendant alluded, for the first time, to his possible intoxication at the time of the crime (*see e.g. People v Praileau*, 110 AD3d 415 [1st Dept 2013], *lv denied* 22 NY3d 1202 [2014]). Concur—Mazzarelli, J.P., Sweeny, Manzanet-Daniels and Gische, JJ.