■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER ROSA, Appellant. [22 NYS3d 423]—

Judgment, Supreme Court, Bronx County (Edgar G. Walker, J.), rendered May 16, 2012, convicting defendant, upon his plea of guilty, of aggravated unlicensed operation of a motor vehicle in the third degree, and sentencing him to a fine of $300, unanimously affirmed.

Generally, a defendant must move to withdraw the plea or to vacate the judgment of conviction to preserve a claim that a guilty plea is invalid (*see People v Conceicao*, 26 NY3d 375, 381 [2015]). However, a narrow exception exists "where the particular circumstances of a case reveal that a defendant had

no actual or practical ability to object to an alleged error in the taking of a plea that was clear from the face of the record" (*Conceicao*, 26 NY3d at 381, citing *People v Louree*, 8 NY3d 541, 546 [2007]). Here, defendant's claims are reviewable on direct appeal. Defendant "faced a practical inability to move to withdraw" the plea, because he was sentenced on the same date as the plea (*Conceicao* 26 NY3d at 382).

As to the validity of the plea, a failure to recite the *Boykin* rights does not automatically invalidate an otherwise voluntary and intelligent plea (*Conceicao* 26 NY3d at 383). The record here shows that defendant knowingly, intelligently, and voluntarily waived his constitutional rights (*see People v Harris*, 61 NY2d 9, 17-19 [1983]). The plea occurred 10 months after defendant had been arrested and charged, and he had counsel on the case. On the date of the plea, at the beginning of the plea proceeding, without the need for additional discussion with defendant or the prosecutor, defendant's attorney stated that defendant had decided to plead guilty. This further supports the argument that defendant had made the decision to plead guilty after consulting with counsel before the start of the plea proceeding (*see Conceicao* 26 NY3d at 384). Additionally, defendant, through his attorney, waived a more detailed allocution. While the plea allocution could have been more robust, the record here establishes a knowing, intelligent, and voluntary waiver (*see Conceicao* 26 NY3d at 384). Concur— Mazzarelli, J.P., Acosta, Moskowitz and Richter, JJ.