The People of the State of New York, Respondent, 
against
Cristian Mero-Lopez, Appellant.



Appeal from a judgment of the Criminal Court of the City of New York, Queens County (Dorothy Chin-Brandt, J.), rendered December 19, 2012. The judgment convicted defendant, upon his plea of guilty, of petit larceny.




ORDERED that the judgment of conviction is affirmed.
On October 1, 2012, the People charged defendant, in a felony complaint, with, among other things, grand larceny in the fourth degree (Penal Law § 155.30), alleging that defendant had stolen personal bank checks from the complainant and had used them to steal money from her checking account, which he deposited into his own bank account. On November 7, 2012, the grand larceny charge was reduced, pursuant to a negotiated plea and sentencing agreement, to petit larceny (Penal Law § 155.25), and, on the same day, defendant, appearing with counsel, pleaded guilty to the reduced charge, in the course of which plea he insisted that he understood that, by pleading guilty, he was giving up his right to a trial and to "all rights" he would have in relation to a trial. On December 19, 2012, defendant was sentenced to three years' probation, to run concurrently with a previously imposed sentence of five years' probation on an unrelated charge of grand larceny in the fourth degree. On appeal, defendant claims that his guilty plea to petit larceny was constitutionally infirm in the absence of a proper waiver of his trial-related rights or any indication in the record that he had discussed these rights with his counsel and was aware that, by virtue of his plea, he waived them (see People v Tyrell, 22 NY3d 359 [2013]).
Upon a review of the record, we find that defendant has failed to preserve the claim of error. While the plea proceedings concluded without a reference to the waiver of trial-related constitutional rights identified in Tyrell (22 NY3d at 365) as essential to a knowing, voluntary and intelligent plea, the claim of error is not preserved for appellate review, as there was sufficient time between the plea and sentencing to afford defendant a reasonable opportunity to move to withdraw his plea, which he failed to do (see People v Conceicao, 26 NY3d 375 [2015]; People v Peque, 22 NY3d 168, 182 [2013]; People v Lopez, 71 NY2d 662, 665 [1988]; e.g. People v Powell, 134 AD3d 647 [2015]). In any event, in light of the several weeks' representation by counsel, from defendant's arraignment until the plea proceedings, defendant's explicit waiver of a trial and of "all rights" pertaining thereto, and his statement that he had "talked to [his] lawyer," we find that the record supports an inference that he had ample opportunity to discuss the consequences of a plea as it relates to his trial-related constitutional [*2]rights (Conceicao, 26 NY3d 375, 383-384; see People v Pellegrino, 26 NY3d 1063, 1064 [2015]; People v Rosa, 135 AD3d 434 [2016]).
Accordingly, the judgment of conviction is affirmed.
Pesce, P.J., Aliotta and Solomon, JJ., concur.
Decision Date: April 07, 2016