The People of the State of New York, Respondent, 
against
Ailenis Diaz, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx County (Dakota D. Ramseur, J.), rendered February 10, 2014, convicting her, upon her plea of guilty, of disorderly conduct, and imposing sentence.




Per Curiam.
Judgment of conviction (Dakota D. Ramseur, J.), rendered February 10, 2014, affirmed.
Upon our review of the record as a whole and the circumstances of the plea in its totality (see People v Sougou, 26 NY3d 1052, 1055 [2015]), we are satisfied that defendant "intelligently and understandingly waived [her] constitutional rights" (People v Conceicao, 26 NY3d 375, 383 [2015]; see Boykin v Alabama, 395 US 238 [1969]; People v Tyrell, 22 NY3d 359, 366 [2013]), and entered an otherwise knowing and voluntary guilty plea. In satisfaction of two Class A misdemeanor theft-related charges, defendant was permitted to plead guilty to disorderly conduct - which, as her counsel emphasized on the record, was "a violation, not a crime" and would "not give her a criminal record" - in exchange for a sentence of conditional discharge. The plea occurred six months after defendant had been arrested and charged, and she had counsel on the case, who filed motions and "actively litigated" the matter (People v Conceicao, 26 NY3d at 384). Moreover, defendant was aware of her right to a trial, because her case was on for trial the very same day that she pleaded guilty. That her "attorney announced at the start of the plea proceeding, without the need for any additional discussion with defendant or the prosecutor, that defendant had decided to plead guilty rather than proceed to the scheduled trial further confirms that defendant made the decision to plead guilty after consulting with counsel prior to the start of the proceeding" (id.).
A failure to recite the Boykin rights (see Boykin v Alabama, 395 US 238 [1969]) does not automatically invalidate an otherwise voluntary and intelligent plea (see People v Conceicao, 26 NY3d at 383; People v Sougou, 26 NY3d at 1054-1055 [2015]; People v Rosa, 135 AD3d 434, 435 [2016], lv denied 27 NY3d 968 [2016]), and here the record shows that defendant knowingly, voluntarily and intelligently waived her constitutional rights. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: May 12, 2016