The People of the State of New York, Respondent,
against
Emil Mrkulic, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx County (David Stadtmauer, J.H.O.), rendered July 7, 2015, convicting him, upon his plea of guilty, of driving while under the influence of alcohol, and imposing sentence.




Per Curiam.
Judgment of conviction (David Stadtmauer, J.H.O.), rendered July 7, 2015, affirmed.
Upon our review of the record as a whole and the circumstances of the plea in its totality (see People v Sougou, 26 NY3d 1052, 1055 [2015]), we are satisfied that defendant "intelligently and understandingly waived [his] constitutional rights" (People v Conceicao, 26 NY3d 375, 383 [2015]; see Boykin v Alabama, 395 US 238 [1969]; People v Tyrell, 22 NY3d 359, 366 [2013]), and entered an otherwise knowing and voluntary guilty plea. At the plea proceeding, defendant pleaded guilty in exchange for a sentence of a $500 fine, the statutory minimum, after confirming that he had discussed the plea with his attorney "beforehand" and that his attorney had answered "all [his] questions." This favorable plea occurred more than one year after defendant had been arraigned and he had counsel on the case, who filed motions and "actively litigated" the matter (People v Conceicao, 26 NY3d at 384). Moreover, defendant was aware of his right to a trial, because his case was on for trial the very same day that he pleaded guilty. That his "attorney announced at the start of the plea proceeding, without the need for any additional discussion with defendant or the prosecutor, that defendant had decided to plead guilty rather than proceed to the scheduled trial further confirms that defendant made the decision to plead guilty after consulting with counsel prior to the start of the proceeding" (id.).
A failure to recite the Boykin rights (see Boykin v Alabama, 395 US 238 [1969]) does not automatically invalidate an otherwise voluntary and intelligent plea (see People v Conceicao, 26 NY3d at 383; People v Sougou, 26 NY3d at 1054-1055 [2015]; People v Rosa, 135 AD3d 434, 435 [2016], lv denied 27 NY3d 968 [2016]), and here the record shows that defendant knowingly, voluntarily and intelligently waived his constitutional rights. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: June 20, 2016