The People of the State of New York, Respondent,
against
Andray Kiselyov, Appellant.



Appeal from four judgments of the Criminal Court of the City of New York, Kings County (Curtis J. Farber, J.), rendered April 9, 2013. The judgments convicted defendant, upon his pleas of guilty, of attempted petit larceny, criminal trespass in the second degree, and two charges of disorderly conduct, respectively.




ORDERED that the judgments of conviction are affirmed.
On December 6, 2011, defendant pleaded guilty to attempted petit larceny (Penal Law §§ 110.00, 155.25) and disorderly conduct (Penal Law § 240.20). The Criminal Court informed defendant that the plea was conditional, in that if he completed a drug rehabilitation program, he would be sentenced only on the disorderly conduct charge, and that the attempted petit larceny charge would be dismissed. During the plea allocution, defendant indicated that he understood that he was "giving up [his] right to a trial, his right to confront the People's witnesses against him, and his right to remain silent." It is undisputed that defendant failed to complete the drug rehabilitation program. In 2013, defendant was rearrested on various charges.
On April 9, 2013, defendant pleaded guilty to criminal trespass in the second degree (Penal Law § 140.15 [1]) and two charges of disorderly conduct (Penal Law § 240.20). During the plea allocution, defendant agreed that he understood that he was giving up his "right to have a trial, call witnesses on [his] own behalf, have [his] lawyer question the People's witnesses, require the People to prove the case against [him] beyond a reasonable doubt, testify in [his] own behalf and remain silent." On that same date, defendant was sentenced on the 2011 attempted petit larceny charge, and on the 2013 criminal trespass in the second degree and disorderly conduct charges. No sentence was imposed on the 2011 disorderly conduct charge.
Defendant claims that his pleas were not knowingly, voluntarily and intelligently entered because the Criminal Court failed to inform him that he was giving up his right to a jury trial, rather than a trial. Defendant's claim with respect to the 2013 pleas is reviewable on direct appeal, as he was sentenced at the same proceeding at which he pleaded guilty in 2013, and he thus had no opportunity to move to withdraw his pleas before the sentence was imposed (see People v Sougou, 26 NY3d 1052, 1054 [2015]; People v Tyrell, 22 NY3d 359, 364 [2013]; People v Rosa, 135 AD3d 434, 435 [2016]; People v Ortega, 51 Misc 3d 138[A], 2016 NY Slip Op 50588[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]). However, defendant's claim with respect to his 2011 plea is unpreserved for appellate review, as he was not sentenced with respect to that plea until 2013. 
We find that defendant's claim with respect to his 2013 pleas is without merit, and, were we to review his claim with respect to his 2011 plea in the interest of justice, we would likewise find it to be without merit. The Criminal Court adequately informed defendant of the rights he was waiving by virtue of pleading guilty at both his 2011 and 2013 plea proceedings (see People v Tyrell, 22 NY3d at 365; People v Alexander, 19 NY3d 203, 219 [2012]; People v Bennett, 122 AD3d 871, 872 [2014]; People v Jackson, 114 AD3d 807, 807-808 [2014]). While it is preferable that a court, to ensure that a defendant enters a knowing, intelligent and voluntary guilty plea, inform the defendant that he or she is waiving "the right to trial by jury, the right to confront one's accusers and the privilege against self-incrimination" (People v Conceicao, 26 NY3d 375, 379 [2015]; see Boykin v Alabama, 395 US 238, 243 [1969]), the failure to recite all of the constitutional rights under Boykin v Alabama which a defendant waives during the plea allocution "does not automatically invalidate an otherwise voluntary and intelligent plea. Where the record as a whole affirmatively shows that the defendant intentionally relinquished those rights, the plea will be upheld" (People v Conceicao, 26 NY3d at 379; see People v Pellegrino, 26 NY3d 1063 [2015]; People v Tyrell, 22 NY3d at 365-366).
Ideally, the Criminal Court should have informed defendant of his right to a jury trial (see People v Williams, 137 AD3d 706 [2016]; People v Terrell, 134 AD3d 651, 652 [2015]; People v Espinal, 51 Misc 3d 133[A], 2016 NY Slip Op 50519[U] [App Term, 1st Dept 2016]). However, here, the fact that the Criminal Court did not place every constitutional right on the record does not render the pleas in this case invalid (see People v Noble, 51 Misc 3d 147[A], 2016 NY Slip Op 50774[U] [App Term, 1st Dept 2016]; People v Singleton, 51 Misc 3d 145[A], 2016 NY Slip Op 50730[U] [App Term, 1st Dept 2016]; People v Atkins, 51 Misc 3d 144[A], 2016 NY Slip Op 50709[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2016]; People v Mero-Lopez, 51 Misc 3d 137[A], 2016 NY Slip Op 50577[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]). 
Accordingly, the judgments of conviction are affirmed.
Pesce, P.J., Solomon and Elliot, JJ., concur.
Decision Date: July 26, 2016