The People of the State of New York, Respondent,
against
Agyameng Bediako, Appellant.



Appeal from a judgment of the Criminal Court of the City of New York, Kings County (John H. Wilson, J.), rendered September 24, 2012. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the seventh degree.




ORDERED that the judgment of conviction is affirmed.
On September 24, 2012, defendant pleaded guilty to criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03). During the plea allocution, the Criminal Court asked defendant, "[d]o you understand [that] you give up your right to a trial, [your] right to confront witnesses against you, and you give up your right to remain silent." Defendant replied, "[y]es." The court immediately sentenced defendant.
Defendant claims that his plea was not knowingly, voluntarily and intelligently entered because the Criminal Court failed to inform him that he was giving up his right to a jury trial, rather than a trial. The claim is reviewable on direct appeal, as defendant was sentenced at the same proceeding at which he pleaded guilty, and he thus had no opportunity to move to withdraw his plea before the sentence was imposed (see People v Sougou, 26 NY3d 1052, 1054 [2015]; People v Tyrell, 22 NY3d 359, 364 [2013]; People v Rosa, 135 AD3d 434, 435 [2016]; People v Ortega, 51 Misc 3d 138[A], 2016 NY Slip Op 50588[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]).
The Criminal Court adequately informed defendant of the rights he was waiving by virtue of pleading guilty (see People v Tyrell, 22 NY3d at 365; People v Alexander, 19 NY3d 203, 219 [2012]; People v Bennett, 122 AD3d 871, 872 [2014]; People v Jackson, 114 AD3d 807, 807-808 [2014]). The failure to recite a defendant's constitutional rights under Boykin v Alabama (395 US 238 [1969]) during the plea allocution "does not automatically invalidate an otherwise voluntary and intelligent plea. Where the record as a whole affirmatively shows that the defendant intentionally relinquished those rights, the plea will be upheld" (People v Conceicao, 26 NY3d 375, 379 [2015]; see People v Pellegrino, 26 NY3d 1063 [2015]). A plea is valid " where the record shows . . . that an accused intelligently and understandingly rejected his constitutional rights' " (Conceicao, 26 NY3d at 383, quoting Tyrell, 22 NY3d at 365-366).
The fact that the Criminal Court did not place every constitutional right on the record does not render the plea in this case invalid (see People v Noble, 51 Misc 3d 147[A], 2016 NY Slip Op 50774[U] [App Term, 1st Dept 2016]; People v Singleton, 51 Misc 3d 145[A], 2016 NY Slip Op 50730[U] [App Term, 1st Dept 2016]; People v Atkins, 51 Misc 3d 144[A], 2016 [*2]NY Slip Op 50709[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2016]; People v Mero-Lopez, 51 Misc 3d 137[A], 2016 NY Slip Op 50577[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]). In particular, defendant's plea was valid notwithstanding that the court informed defendant of his right to a trial, rather than a jury trial (see People v Williams, 137 AD3d 706 [2016]; People v Terrell, 134 AD3d 651, 652 [2015]; People v Espinal, 51 Misc 3d 133[A], 2016 NY Slip Op 50519[U] [App Term, 1st Dept 2016]).
Accordingly, the judgment of conviction is affirmed.
Solomon, J.P., Aliotta and Elliot, JJ., concur.
Decision Date: July 26, 2016