The People of the State of New York, Respondent,
against
Bai Kamara, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Eileen Koretz, J.H.O.), rendered January 21, 2015, convicting him, upon his plea of guilty, of unlicensed general vending, and imposing sentence.




Per Curiam.
Judgment of conviction (Eileen Koretz, J.H.O.), rendered January 21, 2015, affirmed.
The accusatory instrument charging unlicensed general vending (see Administrative Code of City of New York § 20—453) was not jurisdictionally defective. The misdemeanor information, including the deposition of the arresting officer, alleged that defendant was observed for approximately five minutes next to a shopping cart at Lispenard Street and Broadway, displaying and offering for sale six handbags, holding the merchandise in his hand, showing the merchandise to numerous people, and engaging in conversation with two individuals who approached defendant and examined the merchandise. The instrument further alleges that defendant did not display a license and could not produce one when asked.
Giving these facts "a fair and not overly restrictive or technical reading" (People v Casey, 95 NY2d 354, 360 [2000]), we find "as a matter of common sense and reasonable pleading" (People v Davis, 13 NY3d 17, 31 [2009]), that it adequately alleged that defendant engaged in the conduct required for acting as a general vendor (see Administrative Code § 20—452[b]; People v Abdurraheem, 94 AD3d 569 [2012], lv denied 19 NY3d 970 [2012]). Likewise, the information, read as a whole, supported the inference that defendant was acting in a "public space" (see Administrative Code § 20—452[d]; People v Kasse, 40 Misc 3d 126[A], 2013 NY Slip Op 51022[U] [App Term, 1st Dept 2013]), affd. 22 NY3d 1142 [2014]; People v Abdurraheem, 94 AD3d at 570).
Defendant's challenge to the sufficiency of his plea is unavailing. A failure to recite the Boykin rights (see Boykin v Alabama, 395 US 238 [1969]) does not automatically invalidate an otherwise voluntary and intelligent plea (see People v Conceicao, 26 NY3d 375, 383 [2015]; People v Sougou, 26 NY3d 1052, 1054—1055 [2015]; People v Rosa, 135 AD3d 434, 435 [2016], lv denied 27 NY3d 968 [2016]). The record here shows that defendant knowingly, intelligently, [*2]and voluntarily waived his constitutional rights. The plea occurred a month after defendant was issued a desk appearance ticket and two weeks after arraignment, and he had counsel on the case. On the date of the plea, at the beginning of the plea proceeding, defense counsel stated there is an offer on the case and that defendant "authorized" him to enter a plea of guilty to unlicensed general vending in exchange for a sentence of time served. In response to the court's questioning, defendant personally confirmed that he wanted to plead guilty to unlicensed general vending, an unclassified misdemeanor, and that he had "discussed this matter with [his] attorney." While the plea allocution could have been more robust, the record here establishes a knowing, intelligent and voluntary waiver (see People v Conceicao, 26 NY3d at 384).
Defendant's claim that the Judicial Hearing Officer acted without jurisdiction in presiding over his guilty plea and sentencing is both unpreserved and without merit (see People v Abdrabel, calendar number 16-359, decided herewith.)
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: November 21, 2017