The People of the State of New York, Respondent,
against
Michael Hickerson, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Anthony I. Giacobbe, J.H.O.), rendered February 16, 2016, convicting him, upon his plea of guilty, of disorderly conduct, and imposing sentence.




Per Curiam.
Judgment of conviction (Anthony I. Giacobbe, J.H.O.), rendered February 16, 2016, affirmed.
Upon our review of the record as a whole and the circumstances of the plea in its totality (see People v Sougou, 26 NY3d 1052, 1055 [2015]), we are satisfied that defendant "intelligently and understandingly waived [his] constitutional rights" (People v Conceicao, 26 NY3d 375, 383 [2015]), and entered an otherwise knowing and voluntary guilty plea to disorderly conduct, a violation, in exchange for a sentence of two days' community service. The plea occurred three months after defendant was arrested and charged, and he had counsel on the case. Moreover, defendant was aware of his right to a trial, because his case was on for trial the very same day that he pleaded guilty. At the plea proceeding, defense counsel informed the court that defendant had "authorized" the entry of a plea of guilty to disorderly conduct; that defendant understood that this was a violation, not a crime; and that defendant understood that he "will be sentenced to a conditional discharge" and "must complete two days of community service." In response to the court's questioning, defendant personally confirmed that he understood "what [his] lawyer just said" and that he was ready for sentencing. 
A failure to recite the Boykin rights (see Boykin v Alabama, 395 US 238 [1969]) does not automatically invalidate an otherwise voluntary and intelligent plea (see People v Conceicao, 26 NY3d 375, 383 [2015]; People v Sougou, 26 NY3d 1052, 1054—1055 [2015]; People v Rosa, 135 AD3d 434, 435 [2016], lv denied 27 NY3d 968 [2016]). While the plea allocution could have been more robust, the record here establishes that defendant knowingly, intelligently, and voluntarily waived his constitutional rights.
Defendant's claim that the Judicial Hearing Officer acted without jurisdiction in presiding over his guilty plea and sentencing is both unpreserved and without merit (see People v Abdrabel, calendar number 16-359, decided herewith.)
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: November 21, 2017