The People of the State of New York, Respondent,
against
Melanie Soto, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Anthony I. Giacobbe, J.H.O.), rendered February 3, 2016, convicting her, upon her plea of guilty, of disorderly conduct, and imposing sentence.




Per Curiam.
Judgment of conviction (Anthony I. Giacobbe, J.H.O.), rendered February 3, 2016, affirmed.
Upon our review of the record as a whole and the circumstances of the plea in its totality (see People v Sougou, 26 NY3d 1052, 1055 [2015]), we are satisfied that defendant "intelligently and understandingly waived [her] constitutional rights" (People v Conceicao, 26 NY3d 375, 383 [2015]; see Boykin v Alabama, 395 US 238 [1969]; People v Tyrell, 22 NY3d 359, 366 [2013]), and entered an otherwise knowing and voluntary guilty plea. In satisfaction of an accusatory instrument charging criminal possession of marijuana in the fifth degree (see Penal Law § 221.10), a Class B misdemeanor, defendant was permitted to plead guilty to disorderly conduct - which, as her counsel emphasized on the record, was "a violation, not a crime" - in exchange for a sentence of one day of community service. The plea occurred three months after defendant was issued a desk appearance ticket and six weeks after arraignment, and she had counsel on the case, who waived formal allocution. In response to the court's questioning, defendant personally confirmed that she "understood" what counsel had said and that she was "pleading guilty as [counsel] indicated." Moreover, her attorney announced at the start of the plea proceeding, without the need for any additional discussion with defendant or the prosecutor, that defendant had decided to plead guilty, a fact which "confirms that defendant made the decision to plead guilty after consulting with counsel prior to the start of the proceeding" (People v Conceicao, 26 NY3d at 384).
A failure to recite the Boykin rights (Boykin v Alabama, 395 US 238) does not automatically invalidate an otherwise voluntary and intelligent plea (see People v Conceicao, 26 NY3d at 383; People v Sougou, 26 NY3d 1052, 1054—1055 [2015]; People v Rosa, 135 AD3d 434, 435 [2016], lv denied 27 NY3d 968 [2016]), and here the record shows that defendant [*2]knowingly, voluntarily and intelligently waived her constitutional rights.
Defendant's claim that the Judicial Hearing Officer acted without jurisdiction in presiding over her guilty plea and sentencing is both unpreserved and without merit (see People v Abdrabelnaby, ___ Misc 3d ___, 2017 NY Slip Op 27375 [App Term, 1st Dept 2017]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: December 21, 2017