The People of the State of New York, Respondent,
against
Amit Kripanidhi, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Kevin B. McGrath, J.), rendered February 9, 2016, convicting him, upon a plea of guilty, of aggravated harassment in the second degree, and imposing sentence.




Per Curiam.
Judgment of conviction (Kevin B. McGrath, J.), rendered February 9, 2016, affirmed.
Our review of the record indicates that defendant's guilty plea to the charge of second-degree aggravated harassment (see Penal Law § 240.30) was entered knowingly, voluntarily, and intelligently with the aid of counsel, and after the court sufficiently advised defendant of the constitutional rights he would be giving up by pleading guilty (see People v Conceicao, 26 NY3d 375 [2015]; People v Sougou, 26 NY3d 1052 [2015]). Defendant's statements during his allocution regarding his physical proximity to the victim and his reasons for threatening her were merely clarifications regarding his conduct that did not cast "significant doubt" on his guilt (see People v Toxey, 86 NY3d 725 [1995]; People v Terrell, 134 AD3d 651 [2015], lv denied 27 NY3d 1075 [2016]), especially since defendant acknowledged contacting the victim via voice mail and text messages and threatening to "carve up [her] face." 
Contrary to defendant's further contention, the plea court specifically informed him of the terms of the conditional discharge, stating that defendant is sentenced to "conditional discharge, condition being Batterers' Program, no bench warrants, a final order of protection, $200 mandatory, $50 DNA surcharge, and DNA has to be taken. You'll do a year in jail if you violate any of these conditions." Defendant's claim that the plea was invalid because he was not informed of the length of the conditional discharge is unavailing (see People v Kidd, 105 AD3d 1267 [2013], lv denied 21 NY3d 1005 [2013]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: May 30, 2018