People v Diaz (2020 NY Slip Op 51353(U))

[*1]

People v Diaz (Dylan)

2020 NY Slip Op 51353(U) [69 Misc 3d 141(A)]

Decided on November 13, 2020

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 13, 2020
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Cooper, J.P., Higgitt, McShan, JJ.

16-542

The People of the State of New York,
Respondent, 
against
Dylan Diaz, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New
York County (Kevin B. McGrath, J.), rendered March 30, 2016, convicting him, upon his plea of
guilty, of criminal possession of a controlled substance in the seventh degree and aggravated
unlicensed driving in the third degree, and imposing sentence.

Per Curiam.
Judgment of conviction (Kevin B. McGrath, J.), rendered March 30, 2016, affirmed.
The record establishes that defendant's plea was knowing, intelligent and voluntary (see
People v Conceicao, 26 NY3d 375, 382-383 [2015]; People v Sougou, 26 NY3d
1052, 1054—1055 [2015]). At the plea proceeding, defendant waived formal allocution,
admitted his guilt to the charges covered by the plea, stated that he had time to discuss his case
with counsel, and waived specific constitutional rights, including the right to trial, the right to
remain silent and the right "to be present when witnesses are called to assist in your defense and
to testify on your own behalf." Thus, the record as a whole establishes defendant's understanding
and waiver of his constitutional rights, despite the absence of a full enumeration of all the rights
waived (see People v Sougou, 26 NY3d at 1054; People v Simmons, 138 AD3d 520 [2016], lv
denied 27 NY3d 1139 [2016]), and notwithstanding the omission of "the word 'jury' from [the
court's] reference to giving up the right to a trial" (People v Terrell, 134 AD3d 651, 652 [2015], lv denied 27
NY3d 1075 [2016]; see People v
Williams, 137 AD3d 706 [2016], lv denied 27 NY3d 1141 [2016]).
In any event, the only relief defendant requests is dismissal of the accusatory instrument, and
he expressly requests that this Court affirm his conviction if it does not grant dismissal. Since it
cannot be said that no penological purpose would be served by remanding the matter to Criminal
Court for further proceedings, dismissal is not warranted and therefore, we affirm on this basis as
well (see People v Conceicao, 26 NY3d at 385; People v Teron, 139 AD3d 450 [2016]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: November 13, 2020