People v Vester (2024 NY Slip Op 02099)

People v Vester

2024 NY Slip Op 02099

Decided on April 18, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 18, 2024

Before: Renwick, P.J., Kapnick, Shulman, Rosado, O'Neill Levy, JJ. 

Ind. No. 2984/18 Appeal No. 2089 Case No. 2019-5229 

[*1]The People of the State of New York, Respondent,
v
Richard Vester, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Harold V. Ferguson, Jr. of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Andrew H. Chung of counsel), for respondent.

Judgment, Supreme Court, New York County (Steven M. Statsinger, J.), rendered March 28, 2019, convicting defendant, upon his plea of guilty, of grand larceny in the third degree, and sentencing him to a term of one year, unanimously affirmed.
Defendant's challenge to the voluntariness of his plea comes within the narrow exception to the preservation requirement (People v Conceicao, 26 NY3d 375, 381-382 [2015]). Defendant, who was sentenced immediately after his guilty plea during the same proceeding, had no "actual or practical ability" to object to the court's alleged deficient explanation of the Boykin rights by moving to withdraw his plea (see People v Rosa, 135 AD3d 434, 435 [1st Dept 2016], lv denied 27 NY3d 968 [2016]).
The record establishes that defendant's plea was knowing, intelligent, and voluntary. The court informed defendant that, by pleading guilty, he was "giving up [his] right to a jury, where we question the witnesses that testify against you and remain silent." Although the rights were ineloquently stated, defendant was adequately apprised that he was foregoing his right to a trial by jury, right to confront his accusers, and right against self-incrimination (see People v Terrell, 134 AD3d 651, 652 [1st Dept 2015], lv denied 27 NY3d 1075 [2016]; People v Suarez, 132 AD3d 550 [1st Dept 2015]). Moreover, the record reflects that defendant had consulted with counsel about the constitutional consequences of a guilty plea before taking the plea, which further supports the knowing and intelligent nature of defendant's plea (see People v Sosa, 28 NY3d 965, 966 [2016]; People v Hayes, 220 AD3d 427, 428 [1st Dept 2023], lv denied 40 NY3d 1080 [2023]; Rosa, 135 AD3d at 435). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 18, 2024