People v Rojas (2024 NY Slip Op 02374)

People v Rojas

2024 NY Slip Op 02374

Decided on May 02, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 02, 2024

Before: Manzanet-Daniels, J.P., Kern, Friedman, Rosado, O'Neill Levy, JJ. 

Ind. No. 792/16 Appeal No. 2171 Case No. 2019-3644 

[*1]The People of the State of New York, Respondent,
v
Gabriel Rojas, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Sylvia Lara Altreuter of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Jacob C. Marcus of counsel), for respondent.

Judgment, Supreme Court, New York County (Robert Stolz, J.), rendered April 5, 2017, convicting defendant, upon his plea of guilty, of assault in the second degree, and sentencing him to five years' probation, unanimously affirmed.
Defendant's challenges to the validity of his plea are unpreserved, and this case does not come within the narrow exception to the preservation requirement (see People v Conceicao, 26 NY3d 375, 381-382 [2015]). We decline to review defendant's claims in the interest of justice.
As an alternative holding, we reject defendant's arguments on the merits. The record establishes that defendant's plea was knowing, intelligent, and voluntary. There is nothing in the record to suggest that defendant's mental illness so impaired his ability to understand the plea proceeding as to require further inquiry by the court (see People v Morales, 202 AD3d 548 [1st Dept 2022], lv denied 38 NY3d 1009 [2022]; People v Brown, 134 AD3d 554, 554-555 [1st Dept 2015], lv denied 27 NY3d 993 [2016]). Further, defendant was sufficiently apprised of the constitutional rights he was forfeiting by pleading guilty, notwithstanding the court's omission of the word "jury" in reference to defendant's right to a trial, or lack of specific reference to the privilege against self-incrimination (see People v Velez, 138 AD3d 418, 418 [1st Dept 2016], lv denied 27 NY3d 1140 [2016]; People v Terrell, 134 AD3d 651, 652 [1st Dept 2015], lv denied 27 NY3d 1075 [2016]). The validity of the plea is further supported by the fact that defendant was represented by competent counsel, who confirmed that he had discussed the plea with defendant, and by the favorable plea bargain that defendant received (see Conceicao, 26 NY3d at 383).
Defendant's contention that the plea colloquy was unclear or misleading is belied by the record. The misstatements by the court were immediately corrected, and defendant confirmed that he understood the conditions of the plea. The record establishes that defendant was aware of the count to which he was pleading guilty and that he was subject to a final order of protection. The court had no duty to warn defendant of any potential future consequences of his plea (see People v Parker, 309 AD2d 508, 509 [1st Dept 2003], lv denied 1 NY3d 577 [2003]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 2, 2024