=================================================================
This memorandum is uncorrected and subject to revision before
publication in the New York Reports.
-----------------------------------------------------------------
No. 207   SSM 24
The People &c.,
          Respondent,
        v.
Mactar Sougou,
          Appellant.
-----------------------
No. 208   SSM 25
The People &c.,
          Respondent,
        v.
Rita Thompson,
          Appellant.

Case No. 207  SSM 24:
          Submitted by Harold V. Ferguson, Jr., for appellant.
          Submitted by Alan Gadlin, for respondent.

Case No. 208  SSM 25:
          Submitted by Harold V. Ferguson, Jr., for appellant.
          Submitted by Manu Balachandran, for respondent.

Memorandum:

          The orders of the Appellate Term should be affirmed.

          In each of these appeals defendants contend that their

respective plea allocutions were insufficient as a matter of law

to establish that they pled guilty knowingly and intelligently

(see Boykin v Alabama, 395 US 238, 243 [1969]; People v Harris,

- 1 -

61 NY2d 9, 18 [1983]). We disagree and conclude that in each case, the plea proceeding manifests a constitutionally adequate waiver.

As a preliminary matter, we reject the People's contention that defendants' claims are unpreserved and find People v Tyrell (22 NY3d 359 [2013]) dispositive on this issue. As in Tyrell, both defendants pled guilty and were sentenced at the same proceeding, and the errors were clear from the face of record.  As a consequence, preservation poses no bar to our review of defendants' challenge to their guilty pleas (id. at 364).

Turning to the merits, we begin with the established constitutional principle that a guilty plea must be "entered voluntarily, knowingly and intelligently" (People v Haffiz, 19 NY3d 883, 884 [2012]; see Tyrell, 22 NY3d at 365; People v Harris, 61 NY2d 9, 17-18 [1983]).  A valid plea encompasses a waiver of the right to trial by jury, the privilege against compulsory self-incrimination, and the right to confront one's accusers (Boykin, 395 US at 243; Harris, 61 NY2d at 18). However, this Court has rejected the requirement that the trial judge must enumerate all the rights waived during the course of the plea allocution (Harris, 61 NY2d at 18; Tyrell, 22 NY3d at 365).  Nevertheless, "the Trial Judge has a vital responsibility 'to make sure [that the accused] has full understanding of what the plea connotes and of its consequences' " (Harris, 61 NY2d at

19, citing Boykin, 395 US at 244).  Of course, a trial judge may discharge this duty by direct inquiry of the defendant, but, as we recognized in Tyrell, a valid waiver can be established "where the record shows that the defendant consulted with [defendant's] attorney about the constitutional consequences of a guilty plea" (22 NY3d at 365, citing N. Carolina v Alford, 400 US 25, 40 n 3 [1970], and Hanson v Phillips, 442 F3d 789, 801 [2d Cir 2006]).

A court determining the voluntariness of a waiver must review the record as a whole and the circumstances of the plea in its totality (Harris, 61 NY2d at 19).  Indeed, " 'the voluntariness of [a] plea can be determined only by considering all of the relevant circumstances surrounding it' " (Harris, 61 NY2d at 19, quoting Brady v United States, 397 US 742, 749 [1970]).  Here, the records in the instant appeals demonstrate that defendants' pleas were "knowing, voluntary and intelligent" and constitute valid waivers of their constitutional rights.

In Souqou, defendant pled guilty to unlicensed general vending (New York City Administrative Code § 20-453), a misdemeanor.  The court sentenced defendant to a conditional discharge, with three days of community service, and required that he not be arrested for one year, or risk 90 days' jail time as an alternative sentence.

During the plea, defense counsel stated initially that defendant authorized him to enter a guilty plea for violating section 20.453, and that he had discussed with defendant that any

arrests during the conditional discharge period would place defendant at risk of arrest and 90 days' jail time.  The judge then directly addressed defendant and asked specifically whether defendant had discussed the plea and the sentence, as described in open court, with his lawyer; whether defendant was pleading voluntarily and of his own free will; and whether defendant understood that he was giving up his right to a trial and to hearings on the search and seizure evidence.  Defendant answered "yes" to each and every question.  The record thus affirmatively demonstrates that defendant understood the consequences of his plea, including that he was waiving his right to trial and to challenge evidence against him, and that he discussed both the plea and his sentence with counsel.  Therefore, defendant's challenge to the voluntariness of the plea is without merit (see Harris, 61 NY2d at 20-21 [holding that waivers in People v Ramsey and People v Alicea were valid where the judges advised the defendants of their right to trial, discussed the plea consequences with defendant, and defendant affirmed that the plea was voluntary]).

In Thompson, defendant pleaded guilty to harassment in the second degree (Penal Law § 240.26), a violation, and the court sentenced her to time served and imposed a two-year order of protection.  At the plea proceeding, counsel stated that she was authorized to enter a plea of guilty on defendant's behalf to harassment in the second degree.  The judge addressed defendant

and asked whether she wanted to enter a plea of guilty to harassment, a violation and not a crime, and whether she understood that by pleading guilty she was giving up her right to trial. Defendant responded affirmatively to the court's inquiries, and also stated that no one had forced her to enter the plea.

Based on our review of the record, we conclude that the court's inquiry and defendant's responses establish that defendant waived her right to trial and fully comprehended the plea. Indeed, defense counsel emphasized "to be very clear for" defendant, that the plea was to "a violation not a crime. It will not add to her criminal record." Defendant thus understood that by pleading guilty she avoided any further enhancement of her existing criminal record. Granted, the plea proceeding was succinct, but, unlike Tyrell, the record was not silent, and the substance of the plea colloquy is at least equivalent to that of the pleas this Court upheld in People v Ramsey and People v Alicea, two of the cases decided along with Harris (61 NY2d at 20-21).

* * * * * * * * * * * * * * * * *

For Each Case: On review of submissions pursuant to section 500.11 of the Rules, order affirmed, in a memorandum. Chief Judge Lippman and Judges Pigott, Rivera, Abdus-Salaam, Stein and Fahey concur.

Decided November 24, 2015