The People of the State of New York, Respondent, 
against
Jessica White, Appellant.



Appeal from a judgment of the Criminal Court of the City of New York, Queens County (Ernest F. Hart, J.), rendered February 13, 2014. The judgment convicted defendant, upon her plea of guilty, of criminal possession of a controlled substance in the seventh degree and imposed sentence.




ORDERED that the judgment of conviction is affirmed.
Defendant, while represented by counsel, pleaded guilty to criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03), as charged, and was sentenced to 30 days' incarceration in the same proceeding. On appeal, defendant contends that her guilty plea should be vacated since she did not enter into it knowingly and voluntarily.
"Generally, in order to preserve a claim that a guilty plea is invalid, a defendant must move to withdraw the plea . . . or else file a motion to vacate the judgment of conviction pursuant to CPL 440.10" (People v Peque, 22 NY3d 168, 182 [2013] [internal citations omitted]; see also People v Conceicao, 26 NY3d 375 [2015]). However, the Court of Appeals has recognized a narrow exception to the preservation requirement where the particular circumstances of a case reveal that a defendant had no actual or practical ability to object to an alleged error in the taking of a plea that was clear from the face of the record (see Conceicao, 26 NY3d 375; People v Louree, 8 NY3d 541, 546 [2007]). Here, since defendant was sentenced in the proceeding in which she entered her plea of guilty, she "faced a practical inability to move to withdraw [her] plea" (Conceicao, 26 NY3d at 382). Therefore, defendant's claim is reviewable on direct appeal despite the fact that she did not move to withdraw her plea or vacate the judgment of conviction (see People v Sougou, 26 NY3d 1052 [2015]).
Trial courts have "a vital responsibility" to ensure that a defendant who pleads guilty makes a knowing, voluntary and intelligent choice among alternative courses of action (People v Harris, 61 NY2d 9, 19 [1983]). They need not engage in any particular litany, however, as the Court of Appeals has "repeatedly rejected a formalistic approach to guilty pleas and have steered clear of a uniform mandatory catechism of pleading defendants" (People v Tyrell, 22 NY3d 359, 365 [2013] [internal quotation marks omitted]). In fact, the Court of Appeals has rejected the requirement that a court must enumerate all of the rights waived during the course of the plea allocution (see Sougou, 26 NY3d 1052). Instead, the Court of Appeals has opted for a flexible rule that considers "all of the relevant circumstances surrounding" a plea (Harris, 61 NY2d at 19; see also Conceicao, 26 NY3d 375). Therefore, so long as the record as a whole "affirmatively [*2]disclose[s] that a defendant who pleaded guilty entered his plea understandingly and voluntarily," the plea will be upheld (Harris, 61 NY2d at 19 [internal quotations omitted]; see also Conceicao, 26 NY3d 375; Tyrell, 22 NY3d at 366).
Here, the record reveals that defendant, who had 20 prior convictions (18 misdemeanors and 2 felonies), told the court that she wanted to plead guilty to a violation of Penal Law § 220.03, which the court informed her was a crime and would add to her criminal record. She also indicated that she had discussed the matter fully and completely with her attorney and that she was pleading guilty freely and voluntarily. The court informed defendant that, by pleading guilty, she was giving up her right to remain silent, her right to a trial by jury, her right to have the People prove their case beyond a reasonable doubt, and her right to present witnesses on her own behalf. Defendant then pleaded guilty and admitted to possessing a quantity of crack cocaine on or about January 3, 2014. Thus, upon our review of the record as a whole and the circumstances of the plea in its totality (see Sougou, 26 NY3d 1052), we find that there was an affirmative showing that defendant had entered her plea knowingly, voluntarily and intelligently, and that she understood the consequences of her plea (see Conceicao, 26 NY3d 375. 
Accordingly, the judgment of conviction is affirmed.
Pesce, P.J., Weston and Solomon, JJ., concur.
Decision Date: April 07, 2016