The People of the State of New York, Respondent, 
against
Jose Ortega, Appellant.



Appeal from a judgment of the Criminal Court of the City of New York, Queens County (Suzanne J. Melendez, J.), rendered October 23, 2013. The judgment convicted defendant, upon his plea of guilty, of criminal possession of stolen property in the fifth degree.




ORDERED that the judgment of conviction is affirmed.
Defendant, while represented by counsel, pleaded guilty to criminal possession of stolen property in the fifth degree (Penal Law § 165.40), in satisfaction of an accusatory instrument charging him with that offense as well as with two counts of robbery in the second degree (Penal Law § 160.10 [1], [2] [a]) and one count of harassment in the second degree (Penal Law § 240.26 [1]). The Criminal Court sentenced defendant to five months' incarceration in the same proceeding. On appeal, defendant contends that his guilty plea should be vacated since he did not enter into it knowingly, voluntarily, or intelligently.
"Generally, in order to preserve a claim that a guilty plea is invalid, a defendant must move to withdraw the plea . . . or else file a motion to vacate the judgment of conviction pursuant to CPL 440.10" (People v Peque, 22 NY3d 168, 182 [2013] [internal citations omitted]; see also People v Conceicao, 26 NY3d 375, 381 [2015]). However, a narrow exception to the preservation requirement has been recognized where the particular circumstances of a case reveal that a defendant had no actual or practical ability to object to an alleged error in the taking of a plea that was clear from the face of the record (see Conceicao, 26 NY3d at 381; People v Louree, 8 NY3d 541, 546 [2007]). Here, since defendant was sentenced in the proceeding in which he entered his plea of guilty, he "faced a practical inability to move to withdraw [his] plea" (Conceicao, 26 NY3d at 381). Therefore, defendant's claim is reviewable on a direct appeal from the judgment of conviction despite the fact that defendant did not move to withdraw his plea or to vacate the judgment of conviction (see People v Sougou, 26 NY3d 1052, 1054 [2015]).
Trial courts have "a vital responsibility" to ensure that a defendant who pleads guilty makes a knowing, voluntary and intelligent choice among alternative courses of action (People v Harris, 61 NY2d 9, 19 [1983]). However, they need not engage in any particular litany, as the Court of Appeals has "repeatedly rejected a formalistic approach to guilty pleas and [has] steered clear of a uniform mandatory catechism of pleading defendants" (People v Tyrell, 22 NY3d 359, 365 [2013] [internal quotation marks omitted]). In fact, the Court of Appeals has rejected the requirement that a trial judge must enumerate all of the rights waived during the course of the plea allocution (see Sougou, 26 NY3d 1052). Instead, the Court has opted for a flexible rule that [*2]considers "all of the relevant circumstances surrounding" a plea (Harris, 61 NY2d at 19; see also Conceicao, 26 NY3d at 382). Therefore, so long as the record as a whole "affirmatively disclose[s] that a defendant who pleaded guilty entered his plea understandingly and voluntarily," the plea will be upheld (Harris, 61 NY2d at 19 [internal quotation marks omitted]; see also Conceicao, 26 NY3d at 379; Tyrell, 22 NY3d at 366).
Here, the record reveals that defendant was informed that he would be pleading guilty to a violation of Penal Law § 165.40, a class A misdemeanor, that he would be receiving a sentence of five months' incarceration and that an order of protection would be issued. Defendant then pleaded guilty, admitting that, on September 22, 2013, he had possessed a chain that did not belong to him, without the permission of the owner, and acknowledging that no one had forced him to plead guilty. Moreover, the court informed defendant that, by pleading guilty, he was giving up his right to trial, his right to have the People put on witnesses to testify against him, and his right to remain silent or testify on his own behalf, and defendant verbally acknowledged that he understood that he was waiving those rights. Thus, upon our review of the record as a whole and the circumstances of the plea in its totality (see Sougou, 26 NY3d at 1055), we find that there was an affirmative showing that defendant had entered his plea knowingly, voluntarily, and intelligently, and that he understood the consequences of his plea (see Conceicao, 26 NY3d at 379). 
Accordingly, the judgment of conviction is affirmed.
Pesce, P.J., Weston and Aliotta, JJ., concur.
Decision Date: April 07, 2016