The People of the State of New York, Respondent, 
against
Lamarana Bah, Defendant-Appellant.



In consolidated appeals, defendant appeals from (1) a judgment of the Criminal Court of the City of New York, New York County (Joanne D. Quinones, J.), rendered July 26, 2013, convicting him, upon a plea of guilty, of criminal possession of marihuana in the fifth degree, and imposing sentence and (2) a judgment (same court and Judge), rendered July 26, 2013, convicting him, upon his plea of guilty, of petit larceny, and imposing sentence.




Per Curiam.
Judgments of conviction (Joanne D. Quinones, J.), rendered July 26, 2013, affirmed.
Defendant's guilty pleas were knowing, intelligent and voluntary (see People v Conceicao, 26 NY3d 375, 382 [2015]; People v Sougou, 26 NY3d 1052, 1054 [2015]). In satisfaction of an accusatory instrument (docket number 2013NY029916) charging defendant with second-degree menacing, third-degree menacing, fourth-degree criminal possession of a weapon, petit larceny, and fifth-degree criminal possession of stolen property, defendant pleaded guilty to petit larceny. In satisfaction of a second accusatory instrument (docket number 2013NY042284) charging defendant with criminal sale of marihuana in the fourth degree, defendant pleaded guilty to fifth-degree criminal possession of marihuana. During the plea proceedings, defense counsel stated that he had "discussed the case quite a few times" with defendant, including immigration consequences, and that defendant was prepared to enter guilty pleas "in conformity with the People's offers." In response to the court's questioning, defendant personally confirmed that he was pleading guilty of his own free will, that he had enough time to speak to his attorney, and that he understood that he was giving up his right to trial, the right to remain silent, and the right to have the People prove the case against him beyond a reasonable doubt. Thus the record as a whole establishes defendant's understanding and waiver of his constitutional rights (see Boykin v Alabama, 395 US 238 [1969]), notwithstanding the absence of a full enumeration of all the rights waived during the course of the allocution (see People v Sougou, 26 NY3d at 1054; People v Simmons, — AD3d &mdash, 2016 NY Slip Op 02904 [1st Dept. 2016]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: May 12, 2016