The People of the State of New York, Respondent, 
against
Arek Bravo, Appellant.



Appeal from a judgment of the District Court of Suffolk County, First District (Richard T. Dunne, J.), rendered August 6, 2013. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the seventh degree.




ORDERED that the judgment of conviction is affirmed.
The accusatory instrument charged defendant with criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03), in that he "knowingly and unlawfully possessed a controlled substance, namely crack cocaine" on September 1, 2010, in Wheatley Heights, Suffolk County.
On August 6, 2013, defendant appeared in Suffolk County District Court. Defendant's counsel indicated that the parties had agreed on a disposition. Defendant pleaded guilty, as charged, "to Penal Law 220.03." The name of the crime, criminal possession of a controlled substance in the seventh degree, was not mentioned. During the allocution by the court, defendant indicated that he understood "the application that was just made on [his] behalf." He was pleading guilty voluntarily; no one forced or threatened him to enter a plea of guilty. He was pleading guilty because he was guilty of the charge against him. Defendant agreed that he had had the opportunity to discuss the matter with his counsel, and was satisfied with the advice he had been given.
The court informed defendant of "certain Constitutional rights" that he was "waiving by virtue of this plea," including the right "to have this matter tried [before] a jury, the right to confront the officer" who had charged defendant with the subject crime, "the right to remain silent and the right to have the People prove their case beyond a reasonable doubt." When the court asked defendant, "[d]o you understand that," defendant replied, "[y]es." Defendant then admitted that, at approximately 9:00 p.m. on September 1, 2010, he had possessed "a quantity of cocaine, a controlled substance," in Wheatley Heights, in the Town of Babylon, Suffolk County, and that "he knew it was unlawful . . . to possess that cocaine." The District Court was satisfied with the plea, and accepted it. The court immediately sentenced defendant to a term of 60 days of incarceration, with credit for time served.
Defendant appealed from the judgment of conviction, and defendant's prior counsel filed an Anders brief (Anders v California, 386 US 738 [1967]). This court held the appeal in abeyance upon a finding that the Anders brief was inadequate, and new counsel was assigned to prosecute the appeal (50 Misc 3d 132[A], 2015 NY Slip Op 51943[U]).
Defendant now raises a single issue on appeal—that his plea was invalid because the record did not indicate the name of the crime to which he pleaded guilty, to wit, criminal possession of a controlled substance in the seventh degree.
Defendant correctly contends that there was no need to preserve his claim because he was sentenced immediately after the court accepted his plea (see People v Tyrell, 22 NY3d 359, 364 [2013]; People v White, 51 Misc 3d 138[A], 2016 NY Slip Op 50590[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]). However, his claim that the plea was invalid is without merit. In conducting a plea allocution, a court "need not engage in any particular litany." The Court of Appeals has "repeatedly rejected a formalistic approach to guilty pleas and [has] steered clear of a uniform mandatory catechism of pleading defendants" (People v Conceicao, 26 NY3d 375, 382 [2015] [internal quotation marks omitted]; see People v Tyrell, 22 NY3d at 365; People v Alexander, 19 NY3d 203, 219 [2012]). There is no requirement that the name or title of the crime to which a defendant pleads guilty be placed on the record (see People v Sougou, 26 NY3d 1052, 1055 [2015]; see also People v Ortega, 51 Misc 3d 138[A], 2016 NY Slip Op 50588[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]). Here, defense counsel stated that defendant was pleading guilty to Penal Law § 220.03 and defendant told the court that he was pleading guilty voluntarily and that he was in fact guilty of the charge against him, in that he had possessed "a quantity of cocaine, a controlled substance." Critically, defendant agreed that he had had the opportunity to discuss this matter with his counsel, and was satisfied with the advice he had been given.
Accordingly, the judgment of conviction is affirmed.
Iannacci, J.P., Tolbert and Garguilo, JJ., concur.
Decision Date: November 28, 2016