The People of the State of New York, Respondent,
against
Fode Bangoura, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Rita Mella, J.), rendered January 24, 2012, convicting him, upon his plea of guilty, of theft of services, and imposing sentence.




Per Curiam.
Judgment of conviction (Rita Mella, J.), rendered January 24, 2012, affirmed.
In view of defendant's knowing waiver of his right to prosecution by information, the accusatory instrument only had to satisfy the reasonable cause requirement (see People v Dumay, 23 NY3d 518, 522 [2014]). So viewed, the accusatory instrument was jurisdictionally valid because it described facts of an evidentiary nature establishing reasonable cause to believe the defendant was guilty of theft of services (see Penal Law § 165.15[3]), the offense to which he ultimately pleaded guilty. Defendant's intent to unlawfully obtain subway service is reasonably inferred from the surrounding circumstances of his actions (see People v Bracey, 41 NY2d 296, 301 [1977]), including his entry into the subway system "without paying the required fare, by pulling the wheel of a turnstile backwards and slipping through" (see People v Mann, 53 Misc 3d 128[A], 2016 NY Slip OP 51344[U] [App Term, 1st Dept 2016]; People v Pin, 41 Misc 3d 128[A], 2013 NY Slip Op 51681[U] [App Term, 1st Dept 2013], affd on other grounds 26 NY3d 332 [2015]; see also People v Barlow, 46 Misc 3d 148[A], 2015 NY Slip Op 50237[U] [App Term, 1st Dept 2015], lv denied 25 NY3d 1069 [2015]). 
Defendant's guilty plea was knowing, intelligent and voluntary (see People v Conceicao, 26 NY3d 375, 382 [2015]; People v Sougou, 26 NY3d 1052, 1054 [2015]). At the plea proceeding, defense counsel waived formal allocution and, in response to the court's questioning, defendant personally confirmed that he had spoken to his attorney; that he was pleading guilty of his own free will; that he was, in fact, "guilty of going into the subway without paying" and that he understood that he was giving up "important rights," including "the right to remain silent, the right to have a trial, and other rights." A guilty plea is not invalid merely because the plea court failed to specifically "enumerate all the rights waived during the course of the plea allocution" (see People v Sougou, 26 NY3d at 1054 [2015]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur
Decision Date: December 28, 2016