The People of the State of New York, Respondent, 
against
Jimmie McQueen, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Gilbert C. Hong, J.), rendered November 5, 2014, convicting him, upon a plea of guilty, of attempted grand larceny in the fourth degree, and imposing sentence.




Per Curiam.
Judgment of conviction (Gilbert C. Hong, J.), rendered November 5, 2014, affirmed.
Defendant's contention that his plea of guilty was not knowing, voluntary and intelligent is unpreserved for appellate review, since he did not make a postallocution motion to either withdraw his plea or to set aside the judgment of conviction pursuant to CPL 440.10 (see People v Conceicao, 26 NY3d 375, 381—382 [2015]; People v Jackson, 123 AD3d 634 [2014], lv denied 25 NY3d 1202 [2015]), and we decline to review it in the interest of justice. Unlike the situation in People v Tyrell, 22 NY3d 359 (2013), defendant had the opportunity to move to withdraw his plea or otherwise raise the issue, and the alleged deficiency did not rise to the level of a mode of proceedings error (see People v Powell, 134 AD3d 647 [2015], lv denied 27 NY3d 1073 [2016]).
As an alternative holding, we find that the plea was knowing, intelligent and voluntary. After conferring with defendant off the record, defense counsel informed the court that defendant had "authorized" the entry of a plea of guilty to attempted grand larceny in the fourth degree; that defendant "understands that this is an A-misdemeanor that's going to add to his criminal record;" and that defendant was "relying on the Court's promise[d] sentence." In response to the court's questioning, defendant personally confirmed that he was pleading guilty of his own free will and that he understood he was giving up his right to a trial by jury, to remain silent, and to have the People prove the case against him beyond a reasonable doubt. Thus, the record as a whole establishes defendant's understanding and waiver of his constitutional rights (see Boykin v Alabama, 395 US 238 [1969]), notwithstanding the absence of a full enumeration of all the rights waived during the course of the allocution (see People v Sougou, 26 NY3d 1052 [2015]; People v Simmons, 138 AD3d 520 [2016], lv denied 27 NY3d 1139 [2016]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: October 16, 2017