The People of the State of New York, Respondent, 
against
Mark Nowell, Defendant-Appellant.



In consolidated criminal appeals, defendant appeals from (1) a judgment of the Criminal Court of the City of New York, New York County (Joanne D. Quinones, J.), rendered February 5, 2013, convicting him, upon a plea of guilty, of reckless endangerment in the second degree, and imposing sentence; and (2) a judgment (same court and Judge), rendered February 5, 2013, convicting him, upon a plea of guilty, of assault in the third degree and imposing sentence.




Per Curiam.
Judgments of conviction (Joanne D. Quinones, J.), each rendered February 5, 2013, affirmed.
Defendant's guilty pleas were knowing, intelligent and voluntary (see People v Conceicao, 26 NY3d 375, 382 [2015] People v Sougou, 26 NY3d 1052, 1054 [2015]). In satisfaction of two accusatory instruments charging defendant with a combined total of 21 serious misdemeanor offenses, defendant was permitted to plead guilty to one count of second-degree reckless endangerment in satisfaction of docket number 2012NY088472 and one count of third-degree assault in satisfaction of docket number 2012NY088473, in exchange for concurrent sentences of one year and ten months, respectively, and a final order of protection. At the plea proceeding, defense counsel stated that he had discussed "any negative immigration consequences or other collateral consequences with his client" and that defendant was prepared to enter guilty pleas in accordance with the People's offers. In response to the court's questioning, defendant, among other things, admitted his guilt to the charges to which he was pleading guilty; stated that he was pleading guilty of his own free will; and that he had enough time to consult with his attorney; and that he understood he was giving up his right to trial, the right to remain silent and the right to have the prosecution prove their cases beyond a reasonable doubt. Thus the record as a whole establishes defendant's understanding and waiver of his constitutional rights (see Boykin v Alabama, 395 US 238 [1969]), despite the absence of a full enumeration of all the rights waived during the course of the allocution (see People v Sougou, 26 NY3d at 1054 [2015]; People v Williams, 137 AD3d 706 [2016], lv denied 27 NY3d 1141 [2016]).
In any event, the only relief defendant requests is dismissal of the accusatory instrument, [*2]and he expressly requests this Court to affirm his convictions if it does not grant a dismissal. Since dismissal is not warranted (see People v Diaz, 112 AD3d 423 [2013], lv denied 23 NY3d 1036 [2014]), we affirm on this basis as well.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: November 20, 2017