The People of the State of New York, Respondent,
against
Kimberly Cappiello, Appellant.




New York City Legal Aid Society (Harold V. Ferguson, Jr. of counsel), for appellant.
Richmond County District Attorney (Morrie I. Kleinbart of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Richmond County (Barbara I. Panepinto, J.), rendered March 13, 2016. The judgment convicted defendant, upon her plea of guilty, of petit larceny and imposed sentence.




ORDERED that the judgment of conviction is affirmed.
Defendant, while represented by counsel, pleaded guilty to petit larceny (Penal Law § 155.25), as charged, and was sentenced to 20 days' incarceration in the same proceeding. On appeal, defendant contends that her guilty plea should be vacated since she did not enter it knowingly and voluntarily.
"Generally, in order to preserve a claim that a guilty plea is invalid, a defendant must move to withdraw the plea . . . or else file a motion to vacate the judgment of conviction pursuant to CPL 440.10" (People v Peque, 22 NY3d 168, 182 [2013] [internal citations omitted]; see also People v Conceicao, 26 NY3d 375 [2015]). However, the Court of Appeals has recognized a narrow exception to the preservation requirement where the particular circumstances of a case reveal that a defendant had no actual or practical ability to object to an alleged error in the taking of a plea that was clear from the face of the record (see People v Williams, 27 NY3d 212 [2016]; People v Conceicao, 26 NY3d 375; People v Louree, 8 NY3d 541, 546 [2007]). Here, since defendant was sentenced in the proceeding in which she entered her plea of guilty, she "faced a practical inability to move to withdraw [her] plea" (People v Conceicao, 26 NY3d at 382). [*2]Therefore, defendant's claim is reviewable on direct appeal despite the fact that she did not move to withdraw her plea or vacate the judgment of conviction (see People v Sougou, 26 NY3d 1052 [2015]).
Trial courts have "a vital responsibility" to ensure that a defendant who pleads guilty makes a knowing, voluntary and intelligent choice among alternative courses of action (People v Harris, 61 NY2d 9, 19 [1983]). They need not engage in any particular litany, however, as the Court of Appeals has "repeatedly rejected a formalistic approach to guilty pleas and [has] steered clear of a uniform mandatory catechism of pleading defendants" (People v Tyrell, 22 NY3d 359, 365 [2013] [internal quotation marks omitted]). In fact, the Court of Appeals has rejected the requirement that a court must enumerate all of the rights waived during the course of the plea allocution (see People v Sougou, 26 NY3d 1052). Instead, the Court has opted for a flexible rule that considers "all of the relevant circumstances surrounding" a plea (People v Harris, 61 NY2d at 19 [emphasis removed]; see People v Conceicao, 26 NY3d 375). Therefore, so long as the record as a whole "affirmatively disclose[s] that a defendant who pleaded guilty entered his plea understandingly and voluntarily," the plea will be upheld (People v Harris, 61 NY2d at 19; see also People v Conceicao, 26 NY3d 375; People v Tyrell, 22 NY3d at 366).
Here, the record reveals that defendant had extensive prior contacts with the criminal justice system, including prior convictions, and her attorney stated on the record that he had advised her of her rights. Thus, upon our "review of the record as a whole and the circumstances of the plea in its totality" (see People v Sougou, 26 NY3d at 1055), we find that there was an affirmative showing that defendant entered her plea knowingly, voluntarily and intelligently, and that she understood the consequences of her plea (see People v Conceicao, 26 NY3d at 375; People v White, 51 Misc 3d 138[A], 2016 NY Slip Op 50590[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]; cf. People v Sabino, 51 Misc 3d 142[A], 2016 NY Slip Op 50675[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]).
Accordingly, the judgment of conviction is affirmed.
ALIOTTA, J.P., and PESCE, J., concur.
WESTON, J., dissents and votes to reverse the judgment of conviction, vacate defendant's guilty plea and dismiss the accusatory instrument, in the following memorandum:
While I agree with the majority that there is no "mandatory catechism" that must be recited prior to accepting a guilty plea (People v Harris, 61 NY2d 9, 16 [1983] [internal quotations marks omitted]), I cannot agree that the record here, as a whole, evinces a knowing and voluntary guilty plea. Accordingly, I respectfully dissent. 
At her arraignment, defendant pleaded guilty to petit larceny (Penal Law § 155.25) after the following exchange between the court, the prosecutor and defense counsel:
"[PROSECUTOR]: Defendant has extensive contacts with the system. Prior bench warrant. Prior convictions. C.J.A. notes she is a flight risk.
The offer was originally 'A' and 30 days. I spoke with defense counsel, for arraignment only, the offer will be 'A' and 20 days.
[DEFENSE COUNSEL]: I spoke to my client, after advising her of [*3]her rights and new offer the D.A. relayed, my client advises me she wants to plead guilty to 155.25, with the understanding she will do 20 days in jail. She's unemployed, I would ask for civil judgment as to surcharge.
THE COURT: You waive allocution?
[DEFENSE COUNSEL]: Yes
* * *
THE COURT: I accept the plea to 155.25. Sentence is 20 days jail. Civil Judgment. Take charge."
Other than a reference to defendant's prior experience with the court system and defense counsel's representation that he had advised his client of "her rights," the record falls short of demonstrating a knowing and voluntary guilty plea. The court never made any inquiry into any of the circumstances surrounding the plea and, in fact, asked nothing of defendant to ensure that she understood the consequences of her plea. 
In People v Conceicao (26 NY3d 375 [2015]), the Court of Appeals concluded that a similar plea entered at arraignment was not knowing and voluntary, where the defendant had simply stated that he wished to plead guilty and the court imposed the agreed-upon sentence. In reversing the defendant's conviction, the Court noted that the record contained "no discussion of any of the circumstances surrounding the plea or the rights defendant waived; nor [did] it indicate whether defendant spoke with his attorney before entering the plea" (id. at 384). The Court noted that the defendant's sole interaction with the court was his statement that he wished to plead guilty (see id. at 384).
Here, defendant had no interaction with the court. The only proof that defendant waived her rights was counsel's general statement that he had "advis[ed] her of her rights," which was not made in response to any court inquiry. Indeed, the court made no inquiry whatsoever of defendant. In these circumstances, I cannot conclude that defendant's plea, which was entered at arraignment a day after her arrest, was made knowingly and voluntarily (see People v Tyrell, 22 NY3d 359, 365 [2013] [vacating guilty pleas where there was a "complete absence" of any discussion about any of the constitutional rights waived]; People v Burca, 58 Misc 3d 147[A], 2018 NY Slip Op 50040[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018] [vacating guilty plea as not made knowingly and voluntarily where the defendant pleaded guilty on the same day he was arraigned "and merely answered two questions posed by the Criminal Court — whether he wanted to plead guilty and whether he understood that, by pleading guilty, he forfeited the right to a nonjury trial at which the District Attorney would have to prove the charges against him beyond a reasonable doubt"], lv denied 31 NY3d 1012 [2018]). While I recognize the rapid pace of arraignments and the desire to move cases quickly, a court still has the responsibility to ensure that a defendant enters a voluntary and knowing guilty plea. 
Since defendant has completed her sentence and only a relatively minor offense was [*4]charged in the accusatory instrument, I find that no penological purpose would be served by reinstating the proceedings. Thus, as a matter of discretion in the interest of justice, I would dismiss the accusatory instrument (see People v Burca, 58 Misc 3d 147[A], 2018 NY Slip Op 50040[U]; cf. People v Collins, 58 Misc 3d 10, 14 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]).
Accordingly, I vote to reverse the judgment of conviction, vacate defendant's guilty plea and dismiss the accusatory instrument. 
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 27, 2018