The People of the State of New York, Respondent, 
against
Ryan Hutchinson, Appellant.




Ryan Hutchinson, appellant pro se.
Westchester County District Attorney (William C. Milaccio of counsel), for respondent.

Appeal from a judgment of the City Court of Mount Vernon, Westchester County (Adrian N. Armstrong, J.), rendered May 31, 2016. The judgment convicted defendant, upon his plea of guilty, of disorderly conduct, and imposed sentence.




ORDERED that the judgment of conviction is affirmed.
After plea negotiations, defendant pleaded guilty to an added charge of disorderly conduct in full satisfaction of the charges of criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [2]), menacing in the second degree (Penal Law § 120.14 [1]) and harassment in the second degree (Penal Law § 240.26 [1]). At the plea proceeding, the court immediately imposed sentence. On appeal, defendant contends that his plea of guilty was invalid.
Initially, we note that defendant's claim that his guilty plea was invalid is reviewable on direct appeal despite the fact that he did not move to withdraw his plea, as defendant, having pleaded guilty and been sentenced in the same proceeding, "faced a practical inability to move to withdraw [his] plea[]" (People v Conceicao, 26 NY3d 375, 382 [2015]; see People v Sougou, 26 NY3d 1052, 1054 [2015]).
Based on the record before us, we are of the opinion that defendant's guilty plea was entered knowingly, voluntarily and intelligently. Defendant stated that he had fully discussed the matter with his attorney, that no one had forced him to enter a guilty plea and that he was pleading guilty because he in fact was guilty. The court sufficiently advised defendant of the constitutional rights he would be giving up by pleading guilty (see People v Conceicao, 26 NY3d at 384; People v Sougou, 26 NY3d at 1056). Defendant's claims regarding his innocence and his counsel's conduct in advising defendant to accept the plea without having discussed the matter with him are belied by his own statements at the plea proceeding. Moreover, they are matters dehors the record on appeal—as are defendant's assertions on appeal that he was suffering from [*2]mental illness at the time of the plea, that he hears voices and that his counsel had only spoken to his mother about the case—and are not reviewable on direct appeal (see People v Boyce, 118 AD3d 1016, 1016 [2014], and citations therein). Such matters are properly explored in a motion pursuant to CPL 440.10 to permit the record to be expanded as to the facts and issues that defendant now raises (see e.g. People v Medina-Gonzalez, 116 AD3d 519, 520 [2014]).
Accordingly, the judgment of conviction is affirmed.
TOLBERT, J.P., BRANDS and RUDERMAN, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 06, 2018