The People of the State of New York, Respondent, 
against
Rahkeya Raiford, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Phyllis Chu, J.) rendered February 27, 2018, convicting her, upon her plea of guilty, of harassment in the second degree and imposing sentence.




Per Curiam.
Judgment of conviction (Phyllis Chu, J.), rendered February 27, 2018, affirmed. 
Our review of the record indicates that defendant's guilty plea to second degree harassment (Penal Law § 240.26) was entered knowingly, voluntarily and intelligently with the aid of counsel, and after the court sufficiently advised defendant of the constitutional rights she would be giving up by pleading guilty (see People v Sougou, 26 NY3d 1052 [2015]). Contrary to defendant's contention, the plea court specifically informed her of the terms of the conditional discharge, and defendant's claim that the plea was invalid because she was not previously informed of its length is unavailing (see People v Kidd, 105 AD3d 1267 [2013], lv denied 21 NY3d 1005 [2013]; People v Kripanidhi, 59 Misc 3d 148[A], 2018 NY Slip Op 50789[U] [App Term, 1st Dept 2018], lv denied 32 NY3d 938 [2018]).
In any event, the only relief defendant requests is dismissal of the accusatory instrument, rather than vacatur of the plea, and she expressly requests that this court affirm her conviction if it does not grant dismissal. Since we do not find that dismissal would be appropriate, we affirm on this basis as well (see People v Conceicao, 26 NY3d 375, 385 n 1 [2015]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: June 14, 2019