The People of the State of New York, Respondent, 
against
Danny Rivera, Defendant-Appellant.
Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx County (Bahaati E. Pitt, J.) rendered September 17, 2018, convicting him, upon a plea of guilty, of aggravated unlicensed operation of a motor vehicle in the third degree and driving while impaired by alcohol, and imposing sentence.
Per Curiam.
Judgment of conviction (Bahaati E. Pitt, J.) rendered September 17, 2018, affirmed.
Our review of the record indicates that defendant's guilty plea to the charges of aggravated unlicensed operation of a motor vehicle in the third degree (see Vehicle and Traffic Law § 511[1][a]) and driving while impaired by alcohol (see Vehicle and Traffic Law § 1192[1]), in exchange for a promised sentence of a conditional discharge, was entered knowingly, voluntarily, and intelligently with the aid of counsel, and after the court sufficiently advised defendant of the constitutional rights he would be giving up by pleading guilty (see People v Conceicao, 26 NY3d 375 [2015]; People v Sougou, 26 NY3d 1052 [2015]). Defendant also executed a form acknowledging receipt of a written copy of the terms of the conditional discharge and its expiration date (see CPL 410.10[1]; People v Valentin, 66 Misc 3d 136[A], 2020 NY Slip Op 50044[U][App Term, 1st Dept 2020]) and his contention that the plea was invalid because he was not informed of the length of the conditional discharge is unavailing (see People v Kidd, 105 AD3d 1267 [2013], lv denied 21 NY3d 1005 [2013]; People v Kripanidhi, 59 Misc 3d 148[A], 2018 NY Slip Op 50789[U] [App Term, 1st Dept 2018]), lv denied 32 NY3d 938 [2018]).
In any event, the only relief defendant requests is dismissal of the accusatory instrument, rather than vacatur of the plea, and he expressly requests that this Court affirm his conviction if it does not grant dismissal. Since it cannot be said that no penological purpose would be served by reinstating the charges (see e.g., People v Murray, 46 Misc 3d 136[A], 2014 NY Slip Op 51891[U] [App Term, 1st Dept 2014]; see also People v Conceicao, 26 NY3d at 385 n 1), dismissal is not warranted and we therefore affirm.
All concur.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Clerk of the Court
Decision Date: June 18, 2020