People v Jenkins (2020 NY Slip Op 50762(U))

[*1]

People v Jenkins (Tyriek)

2020 NY Slip Op 50762(U) [67 Misc 3d 144(A)]

Decided on June 25, 2020

Appellate Term, First Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on June 25, 2020
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Shulman, P.J., Cooper, Torres, JJ.

19-090

The People of the State of New
York, Respondent, 
against
Tyriek Jenkins,
Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York,
Bronx County (Nicholas J. Iacovetta, J.) rendered April 4, 2018, convicting him, upon a
plea of guilty, of obstructing governmental administration in the second degree, and
imposing sentence.

Per Curiam.
Judgment of conviction (Nicholas J. Iacovetta, J.) rendered April 4, 2018,
affirmed.
Our review of the record indicates that defendant's guilty plea to the charge of
obstructing governmental administration in the second degree (see Penal Law
§ 195.05), in exchange for a promised sentence of a conditional discharge, was
knowing, voluntary and intelligent. At the plea proceeding, which was conducted two
months after arraignment, defendant, represented by counsel, waived specific
constitutional rights, including his rights to a trial, to remain silent and to cross-examine
adverse witnesses, and gave an unequivocal affirmative response to the court's inquiry
whether he obstructed governmental administration by interfering with a police officer
who was trying to execute a search warrant (see People v Conceicao, 26 NY3d 375 [2015]; People v Sougou, 26 NY3d
1052 [2015]). Defendant's contention that the plea was invalid because he was not
informed of the length of the conditional discharge is unavailing (see People v Kidd, 105 AD3d
1267 [2013], lv denied 21 NY3d 1005 [2013]; People v Kripanidhi,
59 Misc 3d 148[A], 2018 NY Slip Op 50789[U] [App Term, 1st Dept 2018], lv
denied 32 NY3d 938 [2018]).
In any event, the only relief defendant requests is dismissal of the accusatory
instrument, rather than vacatur of the plea, and he expressly requests that this Court
affirm his conviction if it does not grant dismissal. Since we do not find that dismissal
would be appropriate, we affirm on this basis as well (see People v Conceicao, 26
NY3d at 385 n 1).
All concur.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

Clerk of the Court
Decision Date: June 25, 2020