People v Espinoza (2020 NY Slip Op 51284(U))

[*1]

People v Espinoza (Omar)

2020 NY Slip Op 51284(U) [69 Misc 3d 135(A)]

Decided on October 30, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 30, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., BERNICE D. SIEGAL, WAVNY
TOUSSAINT, JJ

2017-45 RI CR

The People of the State of New York,
Respondent, 
against
Omar Espinoza, Appellant. 

Feldman and Feldman (Steven A. Feldman of counsel), for appellant.
Richmond County District Attorney (Alexander Fumelli of counsel), for respondent.

Appeal from two judgments of the Criminal Court of the City of New York, Richmond
County (Gerianne Abriano, J.), rendered December 12, 2016. Each judgment convicted
defendant, upon his plea of guilty, of attempted criminal possession of stolen property in the fifth
degree, and imposed sentence.

ORDERED that the judgments of conviction are affirmed.
Defendant appeals from two judgments, each convicting him, upon his plea of guilty, of
attempted criminal possession of stolen property in the fifth degree (Penal Law §§
110.00, 165.40). Upon finding that prior counsel's Anders brief (see Anders v
California, 386 US 738 [1967]) was inadequate, this court held the appeal in abeyance and
new counsel was assigned to prosecute the appeal (65 Misc 3d 133[A], 2019 NY Slip Op
51611[U]). New counsel has submitted a brief arguing, in essence, that the factual allocution at
the plea proceeding was insufficient.
Initially, we note that defendant's contention is reviewable on appeal despite the fact that he
did not move to withdraw his pleas or vacate the judgments of conviction, as defendant, having
pleaded guilty and been sentenced in the same proceeding, "faced a practical inability to [*2]move to withdraw [his] pleas" (People v Conceicao, 26 NY3d 375, 382 [2015]; see People v Williams, 27 NY3d
212, 219-223 [2016]; People v
Sougou, 26 NY3d 1052, 1054 [2015]; People v Cappiello, 60 Misc 3d 139[A], 2018 NY Slip Op
51168[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]).
"[A]n allocution based on a negotiated plea need not elicit from a defendant specific
admissions as to each element of the charged crime. Nor is the court's duty to inquire further
triggered merely by the failure of a pleading defendant, whether or not represented by counsel, to
recite every element of the crime pleaded to" (People v Goldstein, 12 NY3d 295, 301 [2009] [internal quotation
marks, brackets, ellipsis and citation omitted]; see People v Seeber, 4 NY3d 780, 781 [2005]). A plea allocution is
sufficient if it "shows that the defendant understood the charges and made an intelligent decision
to enter a plea" (People v Goldstein, 12 NY3d at 301; see People v Ramos, 164 AD3d 922, 923 [2018]). During the
colloquy, the Criminal Court advised defendant of the constitutional rights he was forfeiting by
pleading guilty. Defendant confirmed that he was willing to give up those rights by pleading
guilty and understood the immigration consequences, including deportation, of his guilty pleas,
that he had had enough time to discuss the pleas with his attorney, and that no one had forced
him to plead guilty. Defendant then admitted to conduct, on each of the two specified dates,
constituting the offense of attempted criminal possession of stolen property in the fifth degree.
We find that the record demonstrates that defendant, who was represented by counsel, "clearly
understood the nature of the [offense] to which he was pleading and willingly entered his plea[s]
to obtain the benefit of the bargain he had struck" (People v Goldstein, 12 NY3d at 301;
see People v Robinson, 61 Misc 3d
130[A], 2018 NY Slip Op 51417[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2018]; People v Bosticco, 52 Misc
3d 140[A], 2016 NY Slip Op 51169[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2016]).
Accordingly, the judgments of conviction are affirmed. 
ALIOTTA, P.J., SIEGAL and TOUSSAINT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 30, 2020