People v Manrique (2023 NY Slip Op 50991(U))

[*1]

People v Manrique (Christian)

2023 NY Slip Op 50991(U)

Decided on September 21, 2023

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 21, 2023
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Brigantti, James, JJ.

570462/19
The People of the State of New York, Respondent,
against
Christian Manrique, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Nicholas W. Moyne, J.), rendered June 14, 2019, convicting him, upon his plea of guilty, of criminal mischief in the fourth degree, and imposing sentence.

Per Curiam.
Judgment of conviction (Nicholas W. Moyne, J.), rendered June 14, 2019, affirmed.
Defendant's claim that his guilty plea to fourth-degree criminal mischief (see Penal Law § 145.00) was invalid because he was not informed of the duration of the conditional discharge is unpreserved (see People v Torres, 37 NY3d 256, 269 [2021]; brief for defendant-appellant in Torres, supra, available at 2020 WL 10965076, * 29; People v Bush, 38 NY3d 66 [2022]), and we decline to review it in the interest of justice. As an alternative holding, we find that the record establishes that the plea was knowing, intelligent and voluntary (see People v Conceicao, 26 NY3d 375 [2015]; People v Sougou, 26 NY3d 1052 [2015]). At the plea colloquy, defendant acknowledged that he would be sentenced to a "conditional discharge, the condition being that [he] pay restitution in the amount of $1,500"; and he executed a form acknowledging the "one year" duration of the conditional discharge (see People v Kidd, 105 AD3d 1267 [2013], lv denied 21 NY3d 1005 [2013]; People v Kripanidhi, 59 Misc 3d 148[A], 2018 NY Slip Op 50789[U] [App Term, 1st Dept 2018], lv denied 32 NY3d 938 [2018]; CPL 410.10[1]).
In any event, the only relief defendant requests is dismissal of the accusatory instrument, rather than vacatur of the plea, and he expressly requests that this Court affirm his conviction if it does not grant dismissal. Since it cannot be said that no penological purpose would be served by reinstating the charges (see People v Conceicao, 26 NY3d at 385 n), dismissal is not warranted and we therefore affirm on this basis as well.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: September 21, 2023