People v Taylor (2023 NY Slip Op 51192(U))

[*1]

People v Taylor (Mark)

2023 NY Slip Op 51192(U)

Decided on November 15, 2023

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 15, 2023
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Tisch, J.

570147/19

The People of the State of New York, Respondent, 
against
Mark Taylor, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx County (Shari Ruth Michels, J.), rendered January 16, 2019, convicting him, upon a plea of guilty, of unlicensed operation of a motor vehicle, and imposing sentence.

Per Curiam.
Judgment of conviction (Shari Ruth Michels, J.), rendered January 16, 2019, affirmed.
Defendant's claim that his guilty plea was invalid because he was not informed of the duration of the jail alternative if he failed to pay the imposed fine is unpreserved (see People v Bush, 38 NY3d 66 [2022]) and we decline to review it in the interest of justice. As an alternative holding, we find that the record establishes that the plea was knowing, intelligent and voluntary (see People v Conceicao, 26 NY3d 375 [2015]; People v Sougou, 26 NY3d 1052 [2015]). Contrary to defendant's contention, the court advised him of the 15 day jail alternative, defendant specifically acknowledged his understanding that he faced up to 15 days in jail if the fine was not paid, and his attorney acknowledged on the record that he explained this fact to defendant. 
In any event, the only relief defendant requests is dismissal of the accusatory instrument, rather than vacatur of the plea, and he expressly requests that this Court affirm his conviction if it does not grant dismissal. Since it cannot be said that no penological purpose would be served by reinstating the charges (see People v Conceicao, 26 NY3d at 385 n), dismissal is not warranted and we therefore affirm on this basis as well.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concu I concur
Decision Date: November 15, 2023