People v Soumare (2024 NY Slip Op 50378(U))

[*1]

People v Soumare (Djibi)

2024 NY Slip Op 50378(U)

Decided on April 9, 2024

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 9, 2024
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Brigantti, Perez, JJ.

570121/18

The People of the State of New York, Respondent,
against
Djibi Soumare, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Laurie Peterson, J.), rendered January 13, 2018, convicting him, upon a plea of guilty, of assault in the third degree and imposing sentence.

Per Curiam.
Judgment of conviction (Laurie Peterson, J.), rendered January 13, 2018, affirmed.
Defendant's guilty plea was knowing, intelligent and voluntary (see People v Conceicao, 26 NY3d 375, 382 [2015]). Defendant was initially charged with intentional assault in the second degree (see Penal Law § 120.05[2]), a felony, based upon allegations that he struck an individual multiple times with a baseball bat. At the plea proceeding, the prosecutor stated that the People were "offering the intentional assault, 120.00(1)," a misdemeanor, in exchange for a sentence of time served. Defense counsel immediately responded "there is a disposition today." The People moved to reduce the second-degree assault charge to third-degree assault, again specifying that the new charge would be under subsection (1) of Penal Law § 120.00, and that they would be "recommending time served on a plea to intentional assault." The court then crossed out the second-degree assault section number on the complaint and made a hand written notation indicating that the charge had been reduced to Penal Law § 120.00(1). Defendant waived prosecution by information and formal allocution, and stated that he understood he was giving up his rights to a trial by jury, to remain silent, to call witnesses and to confront the People's witnesses. Defendant also admitted his guilt to the offense, namely that "with the intent to cause physical injury to another, [he] did cause that injury." Thus, the "record as a whole and the circumstances of the plea in its totality" (People v Sougou, 26 NY3d 1052, 1055 [2015]), establish a knowing, voluntary and intelligent plea to intentional assault in the third degree (see Penal Law § 120.00[1]), notwithstanding defense counsel's single, isolated reference to "Penal Law 120.00(3)" (criminally negligent assault in the third degree).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: April 9, 2024