People v Chavez (2024 NY Slip Op 50574(U))

[*1]

People v Chavez (Gonzalo)

2024 NY Slip Op 50574(U)

Decided on May 16, 2024

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 16, 2024
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Brigantti, J.P., James, Perez, JJ.

570061/19

The People of the State of New York, Respondent,
against
Gonzalo Chavez, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx County (Jeffrey M. Zimmerman, J.), rendered September 17, 2018, convicting him, upon a plea of guilty, of driving while impaired by alcohol, and imposing sentence.

Per Curiam.
Judgment of conviction (Jeffrey M. Zimmerman, J.), rendered September 17, 2018, affirmed.
Defendant's claim that his guilty plea to driving while ability impaired (see Vehicle and Traffic Law § 1192[1]), a traffic infraction, was invalid because, inter alia, he was not informed of the duration of the conditional discharge is unpreserved (see People v Bush, 38 NY3d 66 [2022]; People v Nazarioortiz, 80 Misc 3d 131[A], 2023 NY Slip Op 51086[U] [App Term, 1st Dept 2023], lv denied 40 NY3d 1081 [2023]), and we decline to review it in the interest of justice. As an alternative holding, we find that the record establishes that the plea was knowing, intelligent and voluntary (see People v Conceicao, 26 NY3d 375 [2015]; People v Sougou, 26 NY3d 1052 [2015]). At the plea colloquy, defendant was informed that he would be sentenced to a "conditional discharge" that "carried with it a couple of conditions," including that he "stay out of trouble and not get arrested for another year" and that he "complete the Impaired Driver's Program." In addition, defendant executed a form acknowledging the "one year" duration of the conditional discharge (see People v Kidd, 105 AD3d 1267 [2013], lv denied 21 NY3d 1005 [2013]; People v Kripanidhi, 59 Misc 3d 148[A], 2018 NY Slip Op 50789 [U] [App Term, 1st Dept 2018], lv denied 32 NY3d 938 [2018]; CPL 410.10 [1]).
In any event, even if defendant's plea was defective, his remedy would be to vacate the plea. However, defendant does not request that relief, but instead seeks dismissal of the accusatory instrument, and he expressly asks this Court to affirm his conviction if it does not grant dismissal. Since it cannot be said that no penological purpose would be served by reinstating the information charging, inter alia, aggravated driving while intoxicated (see Vehicle and Traffic Law § 1192[2-a]), a misdemeanor, based upon allegations that defendant operated a motor vehicle while having a .24 blood alcohol content, three times the legal limit, dismissal is not warranted and we therefore affirm on this basis as well (see People v Conceicao, 26 NY3d at 385 n).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: May 16, 2024