People v Velez (2024 NY Slip Op 50736(U))

[*1]

People v Velez (Jose)

2024 NY Slip Op 50736(U)

Decided on June 17, 2024

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 17, 2024
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Tisch, James, JJ.

570160/19

The People of the State of New York, Respondent,
against
Jose Velez, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Tandra L. Dawson, J.), rendered February 12, 2019, convicting him, upon his plea of guilty, of criminal possession of a forged instrument in the third degree, and imposing sentence.

Per Curiam.
Judgment of conviction (Tandra L. Dawson, J.), rendered February 12, 2019, affirmed.
Our review of the record indicates that defendant's guilty plea was knowing, intelligent and voluntary. In satisfaction of an accusatory instrument charging criminal possession of a forged instrument in the third degree (see Penal Law § 170.20), theft of services (see Penal Law § §165.15[3]), unlawful sale or reproduction of a MetroCard (see 21 NYCRR 1050.4[c]) and loitering (see Penal Law § 240.35[6]), defendant pleaded guilty to the forged instrument charge, in exchange for a sentence of time served. Defendant had counsel on the case, who waived formal allocution, and defendant personally confirmed that he was pleading guilty voluntarily and understood that he was giving up the right to trial. Moreover, defense counsel announced at the start of the plea proceeding, without the need for any additional discussion, that defendant had decided to plead guilty and "authorize[d]" the plea, a fact which "confirms that defendant made the decision to plead guilty after consulting with counsel prior to the start of the proceeding" (People v Conceicao, 26 NY3d 375, 384 [2015]). Thus, the record as a whole establishes defendant's understanding and waiver of his constitutional rights, despite the absence of a full enumeration of all the rights waived (see People v Sougou, 26 NY3d 1052, 1054 [2015]; People v Simmons, 138 AD3d 520 [2016], lv denied 27 NY3d 1139 [2016]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: June 17, 2024