People v Cordero (2025 NY Slip Op 02731)

People v Cordero

2025 NY Slip Op 02731

Decided on May 06, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 06, 2025

Before: Webber, J.P., Moulton, González, Pitt-Burke, Higgitt, JJ. 

Ind No. 115/19 623/19|Appeal No. 4301|Case No. 2023-05643|

[*1]The People of the State of New York, Respondent,
v
Harrigan Cordero Also Known as Denisha Diamond, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Abigail Everett of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Kalani A. Browne of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Ralph A. Fabrizio, J.), rendered October 13, 2023, convicting defendant, upon her pleas of guilty, of reckless endangerment in the first degree under indictment No. 115/19 and assault in the third degree under indictment No. 623/19, and sentencing her to an aggregate term of 2 to 6 years, unanimously affirmed.
Defendant's claim as to the validity of her plea is unpreserved because she did not move to withdraw her plea or seek vacatur under CPL 440.10 (see People v Peque, 22 NY3d 168, 182 [2013], cert denied sub nom Thomas v New York, 574 US 840 [2014]), and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. There is no indication that defendant failed to understand the plea proceeding (see People v Sougou, 26 NY3d 1052, 1055 [2015]). Although she had a history of mental illness and had been deemed unfit for trial for nearly a year, she was later found fit and responded appropriately to all of the court's questions during the plea proceeding. Defendant emphasizes that she initially answered "no" when asked whether she had discussed possible defenses with counsel, but she immediately changed her answer to "yes" when asked again. She admitted setting fire to her hospital bed and injuring a corrections officer, and at no point during the plea colloquy did she attribute her crimes to mental illness (cf. People v Mox, 20 NY3d 936, 937-938 [2012]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 6, 2025