People v Willis (2026 NY Slip Op 00158)

People v Willis

2026 NY Slip Op 00158

Decided on January 14, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 14, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
CARL J. LANDICINO
SUSAN QUIRK, JJ.

2024-01145
2024-09725

[*1]The People of the State of New York, respondent,
vJerod F. Willis, appellant. (S.C.I. No. 125/21; Ind. No. 37/23)

Margaret M. Walker, Poughkeepsie, NY (Jennifer Burton of counsel), for appellant.
Anthony P. Parisi, District Attorney, Poughkeepsie, NY (Kirsten A. Rappleyea of counsel), for respondent.

DECISION & ORDER
Appeals by the defendant from two judgments of the County Court, Dutchess County (Jessica Segal, J.), both rendered December 4, 2023, convicting him of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree under Superior Court Information No. 125/21, and criminal sale of a controlled substance in the third degree (two counts) under Indictment No. 37/23, upon his pleas of guilty, and imposing sentences.
ORDERED that the judgments are affirmed.
The defendant's challenge to the validity of his plea of guilty under Indictment No. 37/23 is unpreserved for appellate review because the defendant did not move to withdraw his plea or otherwise object to its entry prior to the County Court imposing sentence (see People v Peque, 22 NY3d 168, 182). In any event, the record demonstrates that the defendant's plea of guilty was entered knowingly, voluntarily, and intelligently (see People v Sougou, 26 NY3d 1052, 1054).
Contrary to the defendant's contention, the record demonstrates that he validly waived his right to appeal under Indictment No. 37/23 (see People v Lopez, 6 NY3d 248, 256; People v McCorkle, 230 AD3d 1337). The defendant's valid waiver of his right to appeal precludes appellate review of his contention that the sentence imposed under that indictment was excessive (see People v Lopez, 6 NY3d at 255-256; People v McCorkle, 230 AD3d at 1337).
The sentence imposed under Superior Court Information No. 125/21 was not excessive (see People v Suitte, 90 AD2d 80).
DILLON, J.P., BRATHWAITE NELSON, LANDICINO and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court